PLANTERS WHOLESALE GROCERY CO. *v.* MATTHEWS, SHERIFF.

(Division B.   Jan. 2, 1939.)

[185 So. 233.   No. 33360.]

**W. W. Venable**, of Clarksdale, for appellant.

Roberson & Luckett and Shed Hill Roberson, all of Clarksdale, for appellee.

Argued orally by **W. W. Venable,** for appellee and by **Shed Hill Roberson,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee, as sheriff and tax collector of Coahoma County sued out a distress warrant for the collection of the state and county taxes due by Dixie Stores, Inc., a mercantile concern, on its stock of goods, wares, and merchandise, including fixtures. The warrant was levied on certain fixtures which had been purchased by appellant, along with the stock of goods, at a sale which had been ordered by the bankruptcy court to be made free of all liens. The question is whether appellant acquired the property levied on free from the tax lien.

The "Dixie Stores, Inc." had been adjudged a voluntary bankrupt by the bankruptcy court. After such adjudication that court ordered the assets of the bankrupt sold free from all liens. That order was made on petition of some of the creditors, but was not joined in by the sheriff, nor was he given notice of the petition and time and place of the hearing.

After the adjudication of bankruptcy it was discovered that the "Dixie Stores, Inc." was not in fact a corporation but a partnership because it had failed to comply with Sec. 4141 of the Code of 1930, which provides that on such failure all persons doing business under the corporate name shall be deemed and held to be partners and

liable as such. Thereupon some of the creditors made a motion to set aside the adjudication of bankruptcy, which motion was sustained. The attempted sale of the assets, however free from all liens, was ordered and took place at a time between the adjudication of bankruptcy and the order setting aside the adjudication. The sheriff was given notice of the sale after it was ordered but was not given notice of the petition and hearing for the sale.

Section 94 of 11 U. S. C. A., provides, among other things, as follows: "(a) Creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt, or as afterwards filed with the papers in the case by the creditors, unless they waive notice in writing, of (1) all examinations of the bankrupt; (2) all hearings upon applications for the confirmation of compositions; (3) all meetings of creditors; (4) all proposed sales of property; (5) the declaration and time of payment of dividends; (6) the filing of the final accounts of the trustee, and the time when and the place where they will be examined and passed upon; (7) the proposed compromise of any controversy; (8) the proposed dismissal of the proceedings, and (9) there shall be thirty days' notice of all applications for the discharge of bankrupts."

Subdivision 4 of the Statute means that there must be notice and an opportunity to be heard as to "all proposed sales of property." In other words, before the sale ever takes place there must be a hearing as to whether it shall take place. Ray v. Norseworthy, 23 Wall. 128, 23 L. Ed. 116. The fact that the sheriff was a party to the bankruptcy proceedings was not sufficient to bind him. The Supreme Court in the Ray Case used this language: "Beyond all doubt the property of a bankrupt may, in a proper case, be sold by order of the bankrupt court free of incumbrance, but it is equally clear that in order that such a proceeding may be regular and valid the assignee must apply to the bankrupt court for an order to that effect, and must set forth the

facts and circumstances which it is supposed justify the application, that the judge may decide whether or not the application shall be granted. Secured creditors in such a proceeding must have due opportunity to defend their interests and consequently must be properly notified and summoned to appear for that purpose. Foster v. Ames, 1 Low. [313], 316. [Fed. Cas. No. 4965]; Willard v. Brigham, 25 La. Ann. [600], 601."

Affirmed.